THE ORDINARY OF FLOYD COUNTY, for use, plaintiff in error, *vs.* CHARLES H. SMITH *et al.*, defendants in error.

Whether this action was relieved from the operation of the statute of limitations of 1869 depended upon proof of fraud in the guardian in the management of his ward's estate, and that question having been fairly submitted to the jury and a verdict returned in the negative, this court will not interfere.

Guardian and ward. Statute of limitations. New trial. Before Judge McCUTCHEN. Floyd Superior Court. January Adjourned Term, 1876.

Reported in the decision.

E. C. KINNEBREW, for plaintiff in error.

SMITH & BRANHAM; R. R. HARRIS, by Z. D. HARRISON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendants on a guardian's bond, alleging as a breach thereof, the mismanagement of the ward's estate by the guardian, who was appointed in December, 1858. The defendants pleaded the statute of limitations of 1869, in bar of the plaintiff's right to recover. The plaintiff insisted that she was not barred, because the defendant, as her guardian, had acted fraudulently and corruptly in the management of her estate, entrusted to him as her guardian; that he deceived her by

telling her, in 1865, that he had invested $1,500 00 of her money in his hands in Confederate bonds, when such investment was never made, and that she did not discover such deception until the year 1873. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the defendants. The plaintiff made a motion for a new trial on the various grounds therein stated, which was overruled by the court, and the plaintiff excepted.

The main question in this case was whether the plaintiff's right to recover was barred by the act of 1869. The plaintiff's right of action was clearly barred by that act, unless the evidence showed that the defendant had acted fraudulently and corruptly in the management of the trust estate in his hands; that question was fairly submitted to the jury, under the charge of the court, and they found a verdict in favor of the defendant. The question of fraud or no fraud, on the part of the defendant, in the management of the trust estate, as guardian, was a question for the jury, under the evidence, and they having found that issue in favor of the defendant, we will not interfere to disturb their verdict, the more especially as the presiding judge, before whom the case was tried, was satisfied with it.

Let the judgment of the court below be affirmed.